IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LONNIE McFARLAND, )<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>CROWNLINE BOATS, INC., )<br>)<br>     Defendant. ) | Case No. 09-cv-0458-MJR-PMF |

**MEMORANDUM AND ORDER**

Reagan, District Judge:

    A.    <u>Introduction and Procedural Overview</u>

In June 2009, Lonnie McFarland filed suit in this United States District Court against his former employer, Crownline Boats, Inc. ("Crownline"). McFarland alleged that Crownline subjected him to discriminatory treatment and terminated his employment based on his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, as amended. Personal service was made on Crownline's registered agent in July 2009, and proof of service was filed with this Court. On December 17, 2009, McFarland obtained a clerk's entry of default (Doc. 16). McFarland then moved for default judgment against Crownline (Doc. 17).

Federal Rule of Civil Procedure 55(b)(2) governs default judgments which are *not* based on a claim for a sum certain. Assuming the defendant is not a minor or an incompetent person, Rule 55(b)(2) provides that after the plaintiff applies for default judgment, the Court may hold a hearing to (A) conduct an accounting, (B) determine the

1

amount of damages, (C) establish the truth of any allegation by evidence, or (D) investigate any other matter.

In the instant case, on January 6, 2010, the Court scheduled a hearing to establish the truth of the complaint allegations and to determine the amount of damages, if any, due McFarland. Defendant Crownline had not appeared, so Rule 55 did not require Plaintiff to serve written notice prior to the hearing. In an abundance of caution, however, the Court directed McFarland's counsel to do so and to file proof of that service with the Court. McFarland's counsel timely complied with the Court's directives.

On February 5, 2010, the undersigned Judge conducted an evidentiary hearing on the motion for default judgment. Defendant Crownline did not appear. Plaintiff McFarland appeared and testified, along with his wife. Plaintiff's counsel presented argument at the close of the evidence.

Having reviewed the pleadings, carefully considered the testimonial and documentary evidence, and heard the arguments of counsel, the Court granted Plaintiff's motion for default judgment (see Doc. 21), thereby establishing liability against Crownline, and took under advisement the issue of damages. The Court now resolves that issue, **FINDING and CONCLUDING** as follows, beginning with a preliminary note as to the relief sought by McFarland.

The prayer for relief in McFarland's complaint includes an award of compensatory damages in an amount to be determined at trial, an award of punitive damages in an amount to be determined at trial, reasonable attorney's fees and costs, an

injunction prohibiting further acts of discrimination, and an Order placing McFarland "into the position he would have held if there had been no discrimination" (Doc. 2, p. 3).

At the February evidentiary hearing, the request for an injunction was dropped. Additionally, when directly queried as to what forms of relief were being pursued, counsel clarified that McFarland was "waiving" his claim to be returned to his job or restored to the position he held prior to termination from Crownline – in part because Crownline apparently is in receivership and/or largely insolvent,[1] and in part because McFarland had secured a new job in the interim. So McFarland seeks compensatory damages, punitive damages, reasonable attorney's fees and costs.

    B.    <u>Findings of Fact and Conclusions of Law</u>

        1.    This Court enjoys subject matter jurisdiction over this action under the federal question statute, 28 U.S.C. § 1331. Venue lies in this District as well.

        2.    At all times relevant to this action, Crownline was an employer within the meaning of (and covered by) the ADEA.

        3.    Lonnie McFarland worked for Crownline's facility in Franklin County, Illinois (within this Judicial District) from 1993 until he was fired on March 14, 2006.

        4.    McFarland was born on April 29, 1950. He was 55 years old at the time of his termination.

---

[1] The record at the hearing disclosed that Crownline had not filed for bankruptcy protection, and the automatic statutory bankruptcy stay had not been triggered so as to prevent this action from going forward against Crownline.

5.	McFarland filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"), received a right-to-sue notice from the EEOC, and timely commenced this lawsuit.

6.	The ADEA prohibits an employer from discriminating against an employee *because of* his age. **29 U.S.C. § 623(a)(1); *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 641 (7th Cir. 2008).** An ADEA plaintiff must demonstrate that his age was the "but-for" cause of the challenged employment action. *Gross v. FBL Financial Services, Inc.*, **129 S.Ct. 2343, 2352 (2009).** To prevail herein, McFarland "must show by a preponderance of the evidence that his age was the but-for cause" of Crownline's treatment of him and decision to fire him. *Senske v. Sybase, Inc.*, **588 F.3d 501, 506 (7th Cir. 2009),** *citing Gross*, **129 S.Ct. at 2352.**

7.	McFarland chose to proceed under the indirect method of proving discrimination. He established a prima facie case of age discrimination via the four factors delineated in the familiar *McDonnell Douglas* test: (1) he was a member of a protected class (aged 40 or older); (2) his performance met (indeed, exceeded) the company's legitimate expectations;[2] (3) despite his solid performance, he was subjected to an adverse employment action; and (4) Crownline treated similarly situated employees under age 40 more favorably. *See Senske*, **588 F.3d at 506-07;** *Martino v. MCI Communications Services,*

---

[2] Testimony at trial established that McFarland never missed a single day of work in his 13 years at Crownline, he received glowing performance reviews, he was considered an exemplary employee, and he advanced every time he applied or was eligible for a promotion.

*Inc.*, 574 F.3d 447, 453 (7th Cir. 2009); *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 363-65 (7th Cir. 2009).

8. Crownline did not provide (nor did the record before the Court disclose) any legitimate nondiscriminatory reason for the adverse action.

9. McFarland satisfied his ultimate burden of proving intentional age-based discrimination. *See Greene v. Potter*, 557 F.3d 765, 769 (7th Cir. 2009).

10. McFarland proved that his age was *the* determinative factor in Crownline's decisions, i.e., that adverse action was taken against him *because of* his age. *See Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 961 (7th Cir. 2010).

11. McFarland is entitled to judgment in his favor and against Crownline.

12. McFarland introduced detailed evidence at the February 5, 2010 hearing as to his wages when he began at Crownline in 1993, his wages when he was terminated from Crownline in March 2006, and the devastating effects of the discharge on his finances, his mental state and his physical health. McFarland testified regarding his persistent, aggressive and ultimately successful efforts to locate a new job, the wages earned in the new position (at General Tire in Mt. Vernon, Illinois), and the overtime hours he had to work at the new position (averaging over 70 hours per week) to try to make up the lost earnings and pay differential. McFarland's new job involves less pay per hour and less benefits than his job at Crownline. Because of his discharge from Crownline, McFarland also had to prematurely withdraw cash from a tax-exempt retirement plan/account he had with Merrill Lynch, and he incurred penalties as a result. In addition

to the testimony and supporting exhibits (e.g., income tax returns), the Court admitted into evidence an affidavit from counsel outlining his fees and costs, which the Court finds reasonable and appropriate.

13. The Court finds completely credible (and buttressed by the documentary evidence) the testimony of McFarland and his wife.

14. The ADEA, 29 U.S.C. § 626(b), cross-references the powers and remedies of the Fair Labor Standards Act, 29 U.S.C. § 215 ("FLSA"). Seventh Circuit cases discuss how relief awarded to a prevailing plaintiff must effectuate the purposes of the ADEA, which is *remedial* in nature. So for instance, the ADEA allows backpay as a remedy to compensate victims of discriminatory practices for lost income. However, punitive damages are not available under the ADEA for a claim such as McFarland's (*i.e.*, he does not have a retaliation claim). *See Filipovich v. K&R Exp. Systems, Inc.,* **391 F.3d 859, 865 (7th Cir. 2004);** *Moskowitz v. Trustees of Purdue* **Univ., 5 F.3d 279, 283-84 (7th Cir. 1993);** *Pfeiffer v. Essex Wire Corp.,* **682 F.2d 684, 687-88 (7th Cir.),** *cert. denied,* **459 U.S. 1039 (1982).**

15. The ADEA also incorporates the fee-shifting provision of the FLSA. *See* **29 U.S.C. § 626(b).**

16. The Court declines to award punitive damages. Having considered all relevant factors including but not limited to Plaintiff's salary, the date of Plaintiff's termination, and Plaintiff's mitigation of damages, the Court awards Plaintiff the total sum of **$64,103.05**, which is comprised of $60,779.17 in compensatory damages and $3303.88 in attorney's fees and costs.

C.    Conclusion

For all the above-stated reasons, having carefully observed the witnesses, listened to the testimony, and reviewed the evidence, the undersigned Judge **DIRECTS the Clerk of Court** to **ENTER JUDGMENT** in favor of Plaintiff McFarland and against Defendant Crownline in the total amount of $64,103.05.

IT IS SO ORDERED.

DATED March 15, 2010.

                                          s/ *Michael J. Reagan*
                                          Michael J. Reagan
                                          United States District Judge